**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MAINE**

| | |
|---|---|
| CHRISTOPHER GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SDH EDUCATION WEST, LLC and | ) |
| SODEXO, INC. | ) |
| | ) |
| Defendants | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff Christopher Graves, by and through his attorneys, alleges and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Christopher Graves, an African American man, brings this action against Defendants SDH Education West, LLC and Sodexo, Inc. ("Sodexo") for race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. Sodexo hired Mr. Graves in January 2023 as a cashier at the dining facility it operates at the University of Maine at Farmington, where he was the only Black employee in his unit and performed his job satisfactorily. Rather than treat him equally, Defendants subjected Mr. Graves to a series of discriminatory suspensions, repeated background checks, and disparate

discipline because of his race and color, and retaliated against him after he complained about unequal pay and discrimination. On or about March 7, 2024, Defendants discharged Mr. Graves.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States, namely Title VII and Section 1981, and pursuant to 28 U.S.C. § 1343(a)(4), because it seeks to recover damages and secure equitable relief under Acts of Congress providing for the protection of civil rights.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged in this Complaint were committed in this district, Mr. Graves worked for Sodexo in this district, and the relevant employment records are maintained in this district.

## CONDITIONS PRECEDENT

5. Mr. Graves timely filed charges of race and color discrimination and retaliation against Sodexo with the Maine Human Rights Commission, which were cross-filed with the Equal Employment Opportunity Commission ("EEOC") as Charge Nos. 16B-2024-00152 (against Sodexo). The EEOC found reasonable cause to believe that violations of the law occurred.

6. On or about July 21, 2026, the EEOC issued Mr. Graves a Notice of Right to Sue as to Charge No. 16B-2024-00152. This Complaint is filed within 90 days of Mr. Graves's

receipt of the Notice. Mr. Graves has satisfied all conditions precedent and exhausted all administrative remedies required to bring his Title VII claims.

7. Mr. Graves's claims under Section 1981 are not subject to any administrative exhaustion requirement.

## PARTIES

8. Plaintiff Christopher Graves is an African American man who resides in Farmington, Maine. At all relevant times, Mr. Graves was an "employee" within the meaning of Title VII and Section 1981.

9. Mr. Graves worked for Sodexo as a cashier at the dining facility it operates at the University of Maine at Farmington, located at 111 South Street, Farmington, Maine, from approximately January 2023 until his discharge on or about March 7, 2024.

10. Defendant SDH Education West, LLC is a limited liability company and a wholly owned subsidiary of Sodexo, Inc. that provides food service operations at the University of Maine at Farmington and does business in this district. SDH Education West, LLC is a wholly owned subsidiary of Sodexo, Inc. At all relevant times, SDH Education West, LLC and Sodexo employed fifteen or more employees and was an "employer" within the meaning of Title VII and a person subject to liability under Section 1981. SDH Education West, LLC and Sodexo were Plaintiffs employer and are collectively referred to as “Sodexo”.

## FACTS

11. In January 2023, Sodexo hired Mr. Graves as a cashier at the dining operation it runs at the University of Maine at Farmington. He worked in the campus's casual dining space.

12. Mr. Graves was the only Black employee working in his dining unit. His immediate supervisor and Unit Manager was White.

13. Mr. Graves was qualified for his position and performed his cashier duties satisfactorily. He maintained strong attendance, regularly arrived early, and performed additional tasks such as stocking, cleaning tables, and changing trash receptacles that other cashiers did not perform.

14. From the outset of his employment Mr. Graves was subject to harsher scrutiny and discipline than his White coworkers and sought on multiple occasions to terminate his employment.

15. In or about March 2023, after learning that Mr. Graves had been charged with a criminal offense, Sodexo placed Mr. Graves on administrative leave pending the outcome of the charge and conducted a background check, which disclosed no reportable criminal record. The charge was dismissed in or about May 2023. Upon information and belief, Sodexo did not place similarly situated White employees on leave or subject them to comparable investigation under comparable circumstances.

16. Over the course of his employment, Sodexo subjected Mr. Graves to three separate background checks in less than one year, far more than it required of his White coworkers.

17. On or about September 19, 2023, Mr. Graves observed an advertisement stating that Sodexo was hiring new employees at an hourly wage higher than he was being paid and learned that coworkers were being paid more than he was. That same day, Mr. Graves asked his supervisor for equal pay. Mr. Graves was the lowest-paid employee in his unit.

18. The very next day, on or about September 20, 2023, Sodexo placed Mr. Graves on an investigatory suspension.

19. Within days of that suspension, Mr. Graves complained to Sodexo that the suspension and his treatment were the product of race and color discrimination by Ms. Hartley and Sodexo. Mr. Graves's complaint about discrimination constituted protected activity.

20. After Mr. Graves returned from suspension, Sodexo continued to scrutinize and discipline him, including issuing a written warning, while treating similarly situated White employees more favorably. In or about November 2023, Sodexo again placed Mr. Graves on investigatory leave.

21. On or about March 7, 2024, Sodexo discharged Mr. Graves. The reasons Sodexo has offered for the discharge are pretextual and were not applied to similarly situated White employees.

22. The discriminatory animus underlying Defendants' conduct is further reflected in a statement by his supervisor, overheard by a coworker that Sodexo was "finally getting rid of" Mr. Graves using a racial epithet referring to Mr. Graves's race.

23. Throughout his employment, Mr. Graves was subjected to less favorable terms and conditions of employment than similarly situated employees who were not Black, including

disparate discipline, repeated suspensions, repeated background checks, and unequal pay, and his discharge was the culmination of that discriminatory treatment and of Defendants' retaliation for his protected complaints.

**COUNT ONE**
**Race and Color Discrimination in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e et seq.)**

24. Mr. Graves repeats and realleges each and every allegation contained in Paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Mr. Graves is African American and was qualified for his position as a cashier at all relevant times, including when Sodexo discharged him.

26. Sodexo discriminated against Mr. Graves with respect to the terms, conditions, and privileges of his employment because of his race and color, including by subjecting him to disparate discipline, repeated investigatory suspensions, repeated background checks, unequal pay, and discharge, while treating similarly situated employees who were not Black more favorably.

27. Sodexo's stated reasons for its adverse actions against Mr. Graves are pretextual, and race and color were a motivating factor in those actions.

28. As a direct and proximate result of Sodexo's unlawful discrimination, Mr. Graves has suffered damages, including past and future lost wages and benefits, emotional distress, and other harm, and has incurred the costs of bringing this action.

29. Sodexo intentionally violated Mr. Graves's rights under Title VII with malice or reckless indifference to his federally protected rights and is therefore liable for punitive damages.

**COUNT TWO**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e et seq.)**

30. Mr. Graves repeats and realleges each and every allegation made in Paragraphs 1-29 of this Complaint as if fully set forth herein.

31. Mr. Graves engaged in protected activity under Title VII when, in or about September 2023, he complained to Sodexo that his suspension and treatment were the product of race and color discrimination.

32. Sodexo subjected Mr. Graves to materially adverse actions following his protected activity, including continued discipline, further investigatory leave, and, on or about March 7, 2024, discharge.

33. Sodexo's stated reasons for these actions are pretextual. But for Mr. Graves's protected complaints of discrimination, Sodexo would not have taken these adverse actions against him.

34. As a direct and proximate result of Sodexo's unlawful retaliation, Mr. Graves has suffered damages, including past and future lost wages and benefits, emotional distress, and other harm, and has incurred the costs of bringing this action.

35. Sodexo intentionally violated Mr. Graves's rights under Title VII with malice or reckless indifference to his federally protected rights and is therefore liable for punitive damages.

## COUNT THREE

## Race Discrimination in Violation of 42 U.S.C. § 1981

36. Mr. Graves repeats and realleges each and every allegation set forth in Paragraphs 1- 35 of this Complaint as if fully set forth herein.

37. Section 1981 guarantees all persons the same right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms, and conditions of the employment relationship, as is enjoyed by white citizens, free from racial discrimination.

38. Defendants intentionally discriminated against Mr. Graves in the making, performance, and termination of his employment relationship because of his race, including by subjecting him to disparate discipline, repeated investigatory suspensions, repeated background checks, unequal pay, and discharge, while treating similarly situated non-Black employees more favorably.

39. Race was a but-for cause of the adverse actions taken against Mr. Graves, and Defendants' stated reasons for those actions are pretextual.

40. As a direct and proximate result of Defendants' unlawful discrimination, Mr. Graves has suffered damages, including past and future lost wages and benefits, emotional distress, and other harm, and has incurred the costs of bringing this action. Defendants acted with malice or reckless indifference to Mr. Graves's federally protected rights and are liable for punitive damages.

## COUNT FOUR

## Retaliation in Violation of 42 U.S.C. § 1981 Hartley

41. Mr. Graves repeats and realleges each allegation set forth in Paragraphs 1 – 40 of this Complaint as if fully set forth herein.

42. Section 1981 prohibits retaliation against a person who complains of race discrimination in the making and enforcement of contracts, including the employment relationship.

43. Mr. Graves engaged in protected activity when he complained that his suspension and treatment were the product of race and color discrimination.

44. Defendant subjected Mr. Graves to materially adverse actions, including continued discipline, further investigatory leave, and discharge, because of his protected activity. But for Mr. Graves's protected complaints, Defendant would not have taken these adverse actions against him.

45. As a direct and proximate result of Defendant's unlawful retaliation, Mr. Graves has suffered damages, including past and future lost wages and benefits, emotional distress, and other harm, and has incurred the costs of bringing this action. Defendants acted with malice or reckless indifference to Mr. Graves's federally protected rights and are liable for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. Award Plaintiff his past and future loss of wages and benefits;
2. Order Defendants to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay, including benefits;
3. Award to Plaintiff compensatory damages, including for emotional distress;

4. Award to Plaintiff punitive damages;
5. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action, pursuant to 42 U.S.C. §§ 2000e-5(k) and 1988;
6. Award Plaintiff nominal damages;
7. Award Plaintiff prejudgment interest; and
8. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Dated: October 16, 2026

*/s/ Sally A. Morris*

Sally A. Morris, Esq. Bar No. 8479
Attorney for Christopher Graves
Sally A. Morris, Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161
smorris@morrisemploymentlaw.com